The **BRANDEIS SCHOOL**, Petitioner,

v.

The **NATIONAL LABOR RELATIONS BOARD**, Respondent.

No. 834, Docket 88–4145.

United States Court of Appeals, Second Circuit.

Argued March 9, 1989.

Decided March 20, 1989.

Mona N. Glanzer, Mineola, N.Y. (Rains & Pogrebin, P.C., Mineola, N.Y., of counsel), for petitioner.

Carmel P. Ebb, N.L.R.B., Washington, D.C. (Margery E. Lieber, Asst. General Counsel for Sp. Litigation, Rosemary M. Collyer, General Counsel, Robert E. Allen, Associate General Counsel, N.L.R.B., Washington, D.C., of counsel), for respondent.

Before VAN GRAAFEILAND, CARDAMONE and PRATT, Circuit Judges.

PER CURIAM:

Plaintiff Brandeis School (Brandeis) appeals from the December 16, 1987 decision of the National Labor Relations Board (NLRB) awarding it $2,646.40 in attorneys fees under the Equal Access to Justice Act (EAJA), 5 U.S.C.A. § 504 (Supp.1988) (allowing a prevailing party to receive attorney's fees when the administrative agency that brought the suit was not substantially justified in its position). Brandeis had requested $17,394.25 in fees and expenses, and on appeal challenges the reasonableness of the amount awarded it.

Brandeis is a private Jewish school in Lawrence, New York. The action arose as a result of a strike by teachers at Brandeis in September of 1981. An NLRB complaint was filed April 12, 1982 alleging that Brandeis had violated three provisions of the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.* (the Act): 8(a)(1); 8(a)(3) and 8(a)(5) (1973 and Supp.1988). As a predicate to a § 8(a)(3) action (prohibiting discrimination in regard to hire on tenure of employment to encourage or discourage union membership) striking employees must file a notice pursuant to § 8(d) of the Act, thereby giving an employer warning of a potential strike in order to facilitate negotiations. Well into this litigation, Brandeis' attorneys discovered that the teachers had not filed the required § 8(d) notice. The General Counsel of the NLRB learned of the failure to give notice approximately three weeks after it filed its complaint, but did not advise either the ALJ or Brandeis of its absence. Consequently, Brandeis did not learn of the union's failure to file the notice until four days of trial had been completed. It moved therefore to dismiss the § 8(a)(3) claim as being legally deficient; the ALJ granted the motion on January 10, 1983 holding that the NLRB was not substantially justified in bringing the § 8(a)(3) claim, and that Brandeis was entitled to attorney's fees, but refused to dismiss the other two claims. The NLRB and Brandeis then settled the remaining two claims.

Thus, Brandeis prevailed on one of the three claims with which it had been charged. The ALJ awarded attorney's fees for only those hours and expenses specifically allocated or traceable to defending against the § 8(a)(3) claim. In affirming the ALJ, the NLRB modified the award to increase the hourly rate by $10 and include time spent on the fee application.

The standard of review in this circuit when a question is raised concerning the amount of attorney's fees awarded to a party is whether the district court abused its discretion. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Wells v. Bowen,* 855 F.2d 37, 43 (2d Cir.1988). *Hensley* is the seminal case for assessing the propriety and amount of attorneys fees. In that case the Supreme Court—although declining to enunciate a precise rule—developed the standard for parties such as Brandeis who have prevailed on a portion of their case. It stated that the "most critical factor is the degree of success obtained." *See Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941.

In this case, the three NLRB claims all arose out of the teacher's strike and cannot be deemed so distinct from each other as to be considered "separate lawsuits" for purposes of fee calculation. *See id.* at 435, 103 S.Ct. at 1940. Rather, the three causes of action "involve a common core of facts ... based on related legal theories." Hence, the correct test must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended in the litigation." *Id.* Where the success was partial, as here, giving Brandeis complete payment might be excessive even though the claims were interrelated and the attorney's work on one likely overlapped with the others. We rec-

ognize that an executive agency has appropriate discretion in determining whether or by what formula to reduce the fee to reflect that the victory was incomplete. Nonetheless, we believe that reducing the award to 2/17 of the amount Brandeis requested was, on these facts, an abuse of that discretion.

Brandeis bore the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437, 103 S.Ct. at 1941. The ALJ expressed frustration at the method by which Brandeis attempted to meet this burden, particularly after it was requested to clarify its billing records. Consequently, the ALJ was forced to sift through the attorneys' records and calculate the amount himself, paying Brandeis only for legal work that he ascertained dealt specifically with the § 8(a)(3) claim. The ALJ's difficulties in deciphering the attorney's bookkeeping is understandable, but does not justify awarding Brandeis only a fraction of the costs it incurred in achieving a sizeable victory.

The NLRB attempts to downplay the significance of the dismissal of the § 8(a)(3) claim by describing the settlement that followed on the remaining two claims as a loss. That approach misses the point—a settlement by definition is both a partial loss and a partial victory for both parties. Moreover, the fact that Brandeis was able to get the § 8(a)(3) claim dismissed undoubtedly gave it leverage in negotiating the terms of the settlement of the other claims.

Although its success on the § 8(a)(3) claim was not so substantial as to justify awarding Brandeis the full amount of attorneys fees it sought, we think it more appropriately justifies an award of half (50%) of Brandeis' fees and expenses or $8,697.12.

The decision of the NLRB is therefore modified, and as modified, affirmed.